IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert James Burke,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>        Respondents. | No. CV-19-05627-PHX-JJT (ESW)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 16, "R&R") entered by United States Magistrate Judge Eileen S. Willett recommending that the Court dismiss as procedurally defaulted without excuse Ground One of Petitioner Robert James Burke's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1), and deny the remaining Grounds Two through Four on their merits. Petitioner has timely filed Objections to the R&R (Doc. 24), which the Court has considered along with Respondents' Response thereto. (Doc. 25.)

Petitioner's Ground One—his argument charging that his trial counsel's failure to move to dismiss the charges at trial for failure to prove county jurisdiction constituted ineffective assistance of counsel and due process violation—is procedurally defaulted as he did not raise it in his PCR proceedings. Judge Willett correctly concluded that Petitioner's failure to raise the issue at the state court is unexcused under *Martinez v. Ryan*, 566 U.S. 1 (2012) or otherwise. His initial review counsel was not ineffective in failing to raise the jurisdiction issue in PCR proceedings because doing so would not "more likely

than not alter[] the outcome" of the proceedings as required in *Strickland v. Washington*, 466 U.S. 668, 693 (1984). Petitioner's argument that no witness or other evidence made clear that the "Gilbert Police" who responded to the call were from Gilbert, Arizona—within the state court's jurisdiction—rather than one of the "Gilberts" in 19 other states—which would not be in the court's jurisdiction—selectively ignores other evidence. The witness testified that "I first called Phoenix Police, who then routed me to Gilbert Police." (Doc. 11 Exh. 1 at 802.) As Judge Willett noted, the fact that Phoenix and Gilbert are both in Maricopa County may be judicially noticed. Moreover, a jury sitting in Maricopa County would recognize same, and upon hearing reference to "Gilbert Police," especially in connection with "Phoenix Police," would not infer otherwise.

Judge Willett also correctly concluded that none of the three decisions of the state court Petitioner challenges in Grounds Two through Four were unreasonably decided or contrary to federal law. That is the standard. For the reasons set forth in Judge Willett's thorough R&R, which the Court will not repeat yet again, Grounds Two through Four are denied on consideration of the merits.

IT IS ORDERED overruling Petitioner's Objections (Doc. 24) and adopting in whole the Report and Recommendation by Judge Willett (Doc. 16).

IT IS FURTHER ORDERED dismissing Petitioner's Ground One as procedurally defaulted without excuse.

IT IS FURTHER ORDERED denying Petitioner's Grounds Two, Three and Four on the merits.

IT IS FURTHER ORDERED denying a certificate of appealability and leave to proceed in forma pauperis. Dismissal of Ground One is justified by a plain procedural bar, and Petitioner has failed to make a substantial showing of the denial of a constitutional right in Grounds Two through Four.

Dated this 16th day of February, 2021.

Honorable John J. Tuchi
United States District Judge